## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ORLANDO BETHEL and GLYNIS BETHEL | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 04-0373-CB-M |
| | ) | |
| CITY OF LOXLEY, et al., | ) | |
| | ) | |
| Defendants. | | |

## ORDER

This matter is before the Court on a "Motion for Preliminary and Permanent Injunctive Relief" filed by *pro se* plaintiffs Orlando Bethel and Glynis Bethel and on defendants responses thereto. (Docs. 12, 41, 42 & 47.)  In addition, plaintiffs have filed numerous motions for an "emergency hearing". (Docs. 35, 40, 53, 54, 55 & 57.)  Upon review of these pleadings, the Court finds that there is no need for an evidentiary hearing because plaintiffs cannot establish that they are entitled to preliminary injunctive relief.[1]

**Background**

Plaintiffs Orlando and Glynis Bethel, who are husband and wife, are self-proclaimed "street preachers who promote the gospel message of Jesus Christ."  (Am. Compl. ¶ 19.)  Plaintiffs live in Loxley, Alabama, where they often practice their ministry in public places by preaching, handing out religious tracts or holding signs with religious messages.  (*Id.* ¶¶ 129, 136, 146 & Doc. 37, Ex. N &

---

[1]Plaintiffs' motion for permanent injunctive relief is premature and, therefore, is **DENIED**.  The issue of plaintiffs' entitlement to permanent injunctive relief will be determined when the case is decided on the merits.

O.)  From the allegations of the Amended Complaint, it is safe to say that the Bethels have often been at odds with the City of Loxley and its police department, at times over the Bethels' methods of ministry.

The instant civil action involves two distinct types of claims against the City and others.  First, defendants assert equal protection, due process and Fourth Amendment claims, the genesis of which was an altercation at a funeral in Loxley.  According to plaintiffs, the City and various individual defendants falsely arrested and prosecuted them, failed to investigate plaintiffs' claims against the persons who committed acts of violence against them, and caused DHR to investigate their fitness as parents.  The motion for preliminary injunction is based not on these claims, however, but on the second group of claims asserted, that is, various First Amendment violations.  According to plaintiffs, the defendants[2] have violated their rights to freedom of speech, to freedom of religion and to "peaceable assembly" by ordering plaintiffs to cease handing out religious tracts at the Loxley Strawberry Festival on April 10, 2004, ordering plaintiffs to stop handing out religious tracts in front of the Loxley Post Office on December 23, 2002, and by ordering plaintiffs to leave Loxley Municipal Park while plaintiffs were preaching and handing out religious tracts on December 13, 2003.[3]

---

[2]Plaintiffs assert causes of action against "defendants" in general; however, it appears that their First Amendment claims are directed against the Loxley defendants, *i.e.*, the City of Loxley along with various city officials and police officers who are named as defendants.

[3]There is a fourth allegation, regarding an incident that occurred in front of the Loxley Post Office on April 13, 2004.  However, the Amended Complaint does not state what actually transpired on that occasion.  (*See Am. Compl.*, Counts II, III & IV, ¶ 3.)

As best the Court can discern from the Amended Complaint,[4] plaintiffs' First Amendment claims are based on the following facts, which are set forth in the light most favorable to the plaintiffs. On December 23, 2002, Orlando Bethel was passing out religious tracts in front of the Loxley Post Office when defendants Loxley Assistant Police Chief Al Atkins and Loxley Police Officer Kevin Brock told him he had to leave because people had complained about him passing out religious tracts. (Am. Compl. ¶¶ 146-48.)  On December 12 (or 13), 2003, Glynis and Orlando Bethel went to the Loxley Municipal Park to preach.  Glynis held a sign that stated, "Abortion is Killing. . . Repent."  (*Id.* ¶ 128.)  "While Orlando Bethel was preaching, he was told by Loxley Police Officer Cpl. Raymond that he would have to leave the [public] park[.]" (*Id.* ¶ 129.)  Finally, on April 10, 2004, during the Loxley Strawberry Festival, the Bethels' daughter, Kezia, was handing out religious tracts to people in the park.  Glynis Bethel, who was wearing a t-shirt which read, "Heaven or Hell You Make the Call," was with her daughter.  Police Chief Yetter came up to Glynis and told her that she had to have a permit to pass out tracts in the park.  The Bethels' daughter became anxious and stopped handing out the tracts.

In their motions for emergency hearings, plaintiffs have asserted additional confrontations between themselves and the Loxley Police Department.  Plaintiffs have submitted a videotape that depicts two such incidents.  In the first, which has no audio, Orlando Bethel appears to be standing on

---

[4]Plaintiffs list the same four incidents as the basis for Counts II, III and IV and gives provides identical summaries for incidents in each count.  However, the dates alleged in those summaries do not always match dates given in the statement of facts, although the summary and the statement of facts appear to refer to the same incident. As discussed in footnote 3, *supra*, one of the four incidents is not mentioned in the statement of facts.

the grounds of a public school, holding a sign.  A woman comes out and looks at him and, perhaps, speaks to him, then goes back into the school  Later, a police car pulls up near Orlando Bethel. Several cars pull into the driveway near where Orlando Bethel is standing.  The police officer speaks to Orlando Bethel, then gets back into his car.  Eventually, the police arrest Orlando Bethel.  Plaintiffs allege that this incident took place on December 17, 2004.  In the second video, which depicts an incident that allegedly took place on January 21, 2005, Orlando Bethel is standing on the roadside across the street from a school holding a sign with a religious message.  Two police officers walk up and talk to him.  Although only snippets of their conversation can be heard on the tape, it appears that one of the officers told Orlando Bethel to leave but Bethel refused and instead picked up a sign that read "Corrupt Police Officers... Repent."  Orlando Bethel was arrested while Glynis, who videotaped the incident from across the street, yelled at the officers and began speaking in tongues.

In addition, Glynis Bethel asserts that on February 3, 2005, she was standing in front of Loxley City Hall silently holding religious signs when Cpl. Lovell and Sgt. Mitchem told her to leave and threatened her with arrest.  More recently, the Bethels assert that they, along with their children, were arrested by members of the Loxley Police Department on April 9, 2005, while preaching and witnessing in the park.  According to plaintiffs, they were told to leave by a Loxley police officer and were attempting to do so, although they also demanded to know why they were being asked to leave and were videotaping the confrontation with two video cameras.  An altercation between the Bethels and police officers began when Assistant Chief Atkins pushed Orlando Bethel's camera tripod into Orlando and ended with the arrest of both Orlando and Glynis.

**Discussion**

4

A preliminary injunction is an "extraordinary and drastic" remedy which should not be granted unless the moving party clearly establishes each of the following elements:

> (1) . . . a substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury unless the injunction is issued; (3) the threatened injury to the movant outweighs the possible injury that the injunction may cause the opposing party; and (4) if issued, the injunction would not disserve the public interest.

*CBS Broadcasting, Inc. v. EchoStar Communications Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001). A hearing on a motion for preliminary injunction is not always required, particularly where the disputed facts are not material to the resolution of the motion for preliminary injunction. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1313 (11th Cir. 1998). In this case, plaintiffs cannot demonstrate either irreparable injury or that injunctive relief sought would not disserve the public interest.

"A showing of irreparable harm is 'the sine qua non of injunctive relief.'" *Northeastern Florida Chapter of Ass'n of General Contractors of America v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting *Frejlach v. Butler*, 573 F.2d 1026, 1027 (8th Cir.1978)). Irreparable injury is injury that cannot be undone, or made whole, through monetary damages. *Id*. The mere assertion of a First Amendment violation does not entitle a plaintiff to a preliminary injunction. *Hohe v. Casey*, 868 F.2d 69, 72-73 (3rd Cir. 1989). "Rather the plaintiffs must 'show a chilling effect on free expression.'" *Id.* (quoting *Dombrowski v. Pfister*, 380 U.S. 479, 487 (1965)). What plaintiffs' Amended Complaint and subsequent pleadings demonstrate is the antithesis of chilling. Plaintiffs have not been deterred at all by defendants' actions and continue to exercise their First Amendment rights in the Town of Loxley.

Moreover, the injunctive relief plaintiffs have requested is so overly broad that it would disserve

the public interest.  With respect to their First Amendment claims,[5] plaintiffs request that the Court order the defendants to allow plaintiffs "to continue to exercise their right to free speech, peaceful public assembly and religion" on public property without threats and that defendants be "prohibited from harassing or threatening to arrest" plaintiffs when they are engaged in constitutionally protected activities, that defendants provide plaintiffs "equal protection" when plaintiffs engage in activities on public property, that defendants not "infringe on plaintiffs' constitutional rights in the future[.]" These are nothing more than requests that defendants be ordered to obey the law.  An injunction devoid of any specifics as to what defendants can or cannot do would serve only to constrain law enforcement from carrying out their duties for fear that even lawful attempts to enforce the law against the plaintiffs might violate the injunction.

Furthermore, the broad injunctive relief requested violates the requirement of Fed. R. Civ. P. 65(d) that relief be "specific in its terms and. . . describe in reasonable detail the act or acts sought to be restrained."  The Eleventh Circuit has consistently held that such "obey the law"orders are too vague to be enforceable.  *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Health & Rehab. Services*, 225 F.3d 1208, 1222-23 (11th Cir. 2000).  The specificity requirement is necessary to protect those who are enjoined by informing them what they must do or refrain from doing.  *Burton v. City of Belle Glade,* 178, F.3d 1175, 1200 (11th Cir. 2000).  In short, the Court cannot impose or enforce an order that simply commands the defendants to obey the law.

---

[5]In their prayer for relief, plaintiffs have added an additional subject for injunctive relief, that is, the return of a video tape plaintiffs took to the Loxley police so that the police could investigate an alleged assault against Orlando Bethel.  Because no irreparable injury has been asserted based on the defendants' failure to return the videotape, plaintiffs are not entitled to relief as to this claim.

**Conclusion**

For the reasons set forth above, plaintiffs are not entitled to the preliminary injunctive relief they seek.  Accordingly, the motion for preliminary injunctive relief is **DENIED**.  Because it is apparent from the pleadings that plaintiffs are not entitled to relief, plaintiffs' motions for emergency hearing are also **DENIED**.  Plaintiffs' motion for permanent injunctive relief is premature and, therefore, is **DENIED** without prejudice.

**DONE** and **ORDERED** this the18th day of April, 2005.


s/ CHARLES R. BUTLER, JR.
**SENIOR UNITED STATES DISTRICT JUDGE**