IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ORLANDO BETHEL and <br> GLYNIS BETHEL <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LOXLEY, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 04-0373-CB-M <br> ) <br> ) <br> ) |

## ORDER

Defendants Dean McGowan and David Whetstone have filed separate motions to dismiss plaintiffs' claims against them. (Docs. 25 & 30.) Plaintiffs have filed a response to McGowan's motion to dismiss (Doc. 28) but have not responded to Whetstone's motion. For the reasons set forth below, the Court finds that plaintiffs' claims against both defendants are due to be dismissed.

**Factual Background**

Plaintiffs Orlando and Glynis Bethel, who are proceeding *pro se*, have filed a lengthy Amended Complaint arising from two series of incidents, only one of which is relevant to these defendants.[1] On June 14, 2002, at a church in Loxley, Alabama Orlando Bethel gave an impromptu eulogy at the funeral of Lish Devan, uncle of plaintiff Glynis Bethel. When Orlando Bethel, who is Glynis's husband, got up

---

[1] The second series of incidents arise from the alleged interference of the Town of Loxley, various members of its police department and its mayor with plaintiffs' right to express their religious views in public places. Although all claims in the Amended Complaint are asserted against all "defendants" collectively, the Court can discern no connection between plaintiffs' First Amendment claims and any facts involving defendants McGowan and Whetstone.

to sing at the funeral, he told those in attendance that the deceased "was in hell . . . [and that] there are fornicators here and a lesbian on the program to sing and you all need to repent..." (Am. Compl. ¶ 29.) Orlando Bethel was dragged from the church and beaten by a mob of people.

The Loxley Police Department came to the church, but no arrests were made. Orlando Bethel was taken to the Loxley police station where he insisted that he wanted to press charges against the persons who had assaulted him. The Loxley police tried to dissuade him from doing so. When Mr. Bethel went to the town's magistrate, she left her office before he could obtain any warrants. Later that same day, the Bethels were involved in a second altercation with family members and friends of the deceased. The incident began when Glynis and Orlando Bethel stood on property adjacent to both their home and her brother's home and began preaching about hell and repentance to persons gathered at the brother's home. Once again, Loxley police came to the scene but made no arrests.

Dissatisfied with the actions of the Loxley Police Department, the Bethels sought recourse elsewhere. Ultimately, they went to the Baldwin County Sheriff's Department,[2] where defendant Dean McGowan, an investigator, was assigned to their case. McGowan interviewed the plaintiffs and "told [them] they were 'crazy' and the judge would rule against them and referred to their gospel preaching as 'provoking people.'" (Am. Compl. ¶ 70.) Plaintiffs asked that those who assaulted Orlando Bethel be charged with felonies under Ala. Code § 13A-5-13, which provides for enhanced penalties for crimes based motivated by certain factors, such as race or religion. No felony charges were issued. Instead, a misdemeanor warrant was approved and issued for the arrest of Lemuel Molden based on

---

[2]The Town of Loxley is located in Baldwin County, Alabama.

the second incident. In addition, Alden Taylor, Stephen Taylor and Romaine Taylor were all summonsed to appear in court for their part in the altercation at the church.

In their quest to have the persons involved in the altercations arrested and prosecuted, plaintiffs also contacted the Baldwin County District Attorney's Office. According to the Amended Complaint, "Glynis Bethel [ ] called the District Attorney's office and spoke with someone there. Even though District Attorney David Whetstone seemed to ignore the calls, Andrew Lowry started an investigation." (Am. Compl. ¶ 77.)

Plaintiffs themselves were subsequently arrested and prosecuted[3] on misdemeanor charges based on the incident at Glynis's brother's house. Both were found not guilty by Baldwin County District Judge Jody Bishop.

Based on the foregoing factual allegations, plaintiffs assert claims under § 1983 against all defendants for violation of their constitutional rights to due process and equal protection under the Fifth and Fourteenth Amendments (Count I) and of their constitutional right to be free from unreasonable search and seizure under the Fourth Amendment (Count V, ¶ 1.)

**Discussion**

Plaintiffs' claims against defendant McGowan are due to be dismissed for lack of standing. Plaintiffs' response to McGowan's motion to dismiss makes clear that they seek to hold McGowan liable for "[failing to] charge the criminals with the accurate Alabama State Law." It is well-settled that "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the

---

[3]The Amended Complaint does not say who issued the warrants or who prosecuted the plaintiffs.

prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *accord Smith v. Shook*, 237 F.3d 1322 (11th Cir. 2001) (per curiam) (plaintiff lacked standing to sue bar grievance officer based on officer's failure to prosecute plaintiff's former attorney for ethics violation).

Plaintiffs' claims against defendant Whetstone appear to suffer from the same defect. The only specific mention of Whetstone in the entire Amended Complaint is plaintiffs' allegation that Whetstone seemed to ignore Glynis Bethel's telephone calls, although that allegations is tempered by the fact that an investigation was started.[4] Assuming plaintiffs' complaint against Whetstone to be that he did not respond appropriately to plaintiffs' request that the persons involved in the altercations be prosecuted, plaintiffs' claims are due to be dismissed for lack of standing. Furthermore, Whetstone is entitled to prosecutorial immunity because a prosecutor is entitled to absolute immunity for actions take within the scope of his prosecutorial duties, including the decision whether to prosecute. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *see also Elder v. Athens-Clarke County*, 54 F.3d 694 (11th Cir. 1995).[5]

**Conclusion**

---

[4]The Amended Complaint states, "Even though District Attorney David Whetstone seemed to ignore the calls, Andrew Lowry started an investigation." (Am. Compl. ¶ 77.) Andrew Lowry is not otherwise identified, but from the context the Court infers that he has some relationship to the Baldwin County District Attorney's Office.

[5]Whetstone's motion to dismiss suggests that plaintiffs possibly could be attempting to state a claim against Whetstone for pursuing charges against them. The Court is unable to glean such a claim from the Amended Complaint, even applying the most liberal standards of interpretation to plaintiffs' *pro se* pleading. If such a claim were stated, prosecutorial immunity would shield Whetstone from liability. *Id.*

Because plaintiffs' claims against defendants Dean McGowan and David Whetstone are based on the defendants' alleged failure to prosecute others, plaintiffs lack standing. Accordingly, the motions to dismiss filed by these defendants, in both their individual and official capacities, are hereby **GRANTED**.

**DONE** and **ORDERED** this the 20th day of April, 2005.

                                                **s/ CHARLES R. BUTLER, JR.**
                                                **SENIOR UNITED STATES DISTRICT JUDGE**