IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ORLANDO BETHEL and GLYNIS BETHEL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 04-0373-CB-M |
| | ) |
| CITY OF LOXLEY, et al., | ) |
| | ) |
| Defendants. | |

## ORDER

This matter is before the Court on a motion to dismiss filed by defendants Town of Loxley, Town of Loxley Police Department,[1] Chief of Police Cliff Yetter, Assistant Chief of Police Al Adkins, Police Officer Kevin Brock, Police Officer Sgt. Kerry Mitchum, Police Officer Dale Maddox, Police Officer Cpl Raymond Lovell, Magistrate Kay Hicks and Mayor Billy Middleton. ("the Loxley defendants") (Doc. 32.) Defendants seek dismissal of the claims asserted by plaintiffs in Counts of the Amended Complaint and also seek dismissal of those claims asserted in Count V on behalf of plaintiffs' minor children. Plaintiffs have filed a response to the motion. (Doc. 52.) After considering the claims at issue in light of the applicable law, the Court finds that the motion is due to be granted.

**Factual Background**[2]

---

[1]Although named as a defendant, the Town of Loxley Police Department is not a separate entity.

[2]Since defendants' motion to dismiss addresses Counts I and V of the Amended Complaint, this order sets out only the facts applicable to those counts. And those facts are set out in the light most favorable to the plaintiffs. There are numerous additional factual allegations relevant only to the freedom of speech, freedom of assembly and freedom of religion claims asserted in Counts II, III and

In their Amended Complaint, plaintiffs set forth facts describing a series of events set in motion by a eulogy, of sorts, given by plaintiff Orlando Bethel at a church in Loxley, Alabama on June 14, 2002. The occasion was the funeral of Lish Devan, uncle of plaintiff Glynis Bethel. When Orlando Bethel, who is Glynis's husband, got up to sing at the funeral, he told those in attendance that the deceased "was in hell . . . [and that] there are fornicators here and a lesbian on the program to sing and you all need to repent..." (Am. Compl. ¶ 29.) Orlando Bethel was dragged from the church and beaten by a mob of people.

Officer Maddox, Officer Brock and Sgt. Mitchum from the Loxley Police Department came to the scene, but made no arrests even though Orlando Bethel told them he had just been assaulted, that the offenders were still on the scene and that he wanted to press charges. Instead, Orlando Bethel was taken to the Loxley police station where the police completed a report of the incident and attempted to dissuade Mr. Bethel from filing charges. Orlando Bethel continued to insist that he wanted to press charges and went to the office of Magistrate Kay Hicks for the purpose of having warrants issued, but Hicks left her office and got into her vehicle.

Later the same day, Glynis's brother was hosting a gathering of family and friends, apparently many of them the same people who had been at the funeral earlier. Glynis and Orlando Bethel stood on property adjacent to both their home and her brother's home and began preaching about hell and repentance. Orlando Bethel was once again assaulted by some of the same individuals who had assaulted him at the funeral. Loxley Police Officer Kevin Brock arrived on the scene, but he did not

---

IV.

attempt to identify the persons who had committed the assault.  No arrests were made.

Dissatisfied with the actions of the Loxley Police Department, the Bethels went to the Baldwin County Sheriff's Department (BCSD).   Huey Mack, Jr. an investigator with the BCSD approved a warrant for the arrest of Lemuel Molden for his part in the second assault.  The investigation of the case was assigned to Dean McGowan, also an investigator with the BCSD.  Plaintiffs were dissatisfied with the actions of the BCSD because Molden was charged with a misdemeanor rather than a felony and because summonses rather than warrants were issued for three persons involved in the first assault.

Plaintiffs called Cpl. Raymond Lovell of the Loxley Police Department to their home and told them where to find two of the persons who had assaulted Orlando Bethel.  Cpl. Lovell talked to these persons by telephone, and they admitted to dragging Bethel out of the church.  However, Lovell did nothing to have them arrested.  Despite plaintiffs' repeated visits to the Loxley Police Department and Police Chief Yetter demanding that action be taken against the persons who assaulted Orlando Bethel, no arrests were made.  Also, plaintiffs' appeal to Mayor Bobby Middleton at a Loxley town meeting was to no avail.

Not only were the Bethels unsuccessful in having the persons who assaulted Orlando arrested, a few weeks after the funeral the Bethels themselves were arrested by Loxley Police Officers Adkins and Hollenkamp.[3]  The purpose of this arrest, according to plaintiffs, was to make them look like criminals and thereby conceal the defendants' refusal to prosecute those who assaulted Orlando Bethel

---

[3]Although the Amended Complaint is not clear on this point, it appears that Glynis and Orlando Bethel were arrested on charges of menacing and assault, respectively, stemming from the incident at Glynis' brothers home.

at the funeral.  At the time of plaintiffs' arrest, their children were taken into the custody of the Department of Human Resources (DHR).  A DHR investigation of the Bethels followed but was later dismissed.

Several months later, on December 12, 2003, plaintiff Orlando Bethel was assaulted while protesting at the Loxley Christmas parade.  Mr. Bethel was dressed in a Santa Clause suit and a devil's mask and was carrying a sign that said, "JESUS says Santa Claus is Satan's cause."  Two men approached Orlando Bethel, stole the sign from him and hit him in the face.  The entire incident was recorded on videotape by someone who was with the Bethels .  Glynis Bethel approached Officer Hinton of the Loxley Police Department, who was nearby, but Hinton did nothing.  Later, Orlando Bethel went to the Loxley Police Department to press charges against the persons who assaulted him.  He left the videotape of the incident with Chief Yetter.  Despite diligent attempts by Orlando Bethel to get the Loxley Police Department to take action against the perpetrators, nothing was done.  Eventually Mr. Bethel asked to have his videotape returned, but Chief Yetter could not find it.

**Counts I & V**

Plaintiffs have labeled Count I "Violation of the Right to Equal Protection and Due Process under the Fifth and Fourteen Amendment of the United States Constitution".  In that count, plaintiffs assert that the defendants,[4] collectively, have violated their rights to equal protection and due process by: (1) "refusing to question suspects in a criminal case who were known to have committed crimes against the Plaintiff;" (2) "refusing to issue warrants for those who. . . committed crimes against the

---

[4] Plaintiffs do not identify specific defendants with respect to any particular claim.  Instead, all defendants are named in each claim.

4

Plaintiff;" (3) "tampering with evidence submitted for a criminal investigation;" (4) "treating the Plaintiff differently from others by not providing equal protection to Plaintiff because of Plaintiff's religious and free speech activities;" (5) not arresting persons who initially assaulted Orlando Bethel thus allowing those persons the opportunity to assault him a second time.  Count V is labeled "Denial of Right to be Free from Unreasonable Search and Seizure and Deprivation of Liberty in Violation of the Fourth Amendment to the United States Constitution."  Count V encompasses the following claims: (1) that defendants issued warrants and arrested the plaintiffs without probable cause; (2) that the defendants subjected the plaintiffs' minor children to unreasonable search and seizure by taking them to the Daphne jail for 4 hours when their parents were arrested.; (3) that the defendants deprived the children of liberty when they called DHR rather than allowing them to leave the jail with their parents.

**Discussion**

Defendants contend that Count I is due to be dismissed for lack of standing.  As defendants point out, the specific equal protection and due process violations addressed by Count One are based on the defendants' failure to prosecute the persons who assaulted Orlando Bethel at the funeral, at the home of Glynis's brother and at the Christmas parade.[5]  It is well-settled that "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *accord Smith v. Shook*, 237 F.3d 1322 (11th Cir. 2001) (per curiam) (plaintiff lacked standing to sue bar grievance

---

[5]Plaintiffs' "tampering with evidence" claim in Count One arises from the loss of the videotape that plaintiffs' assert could have been used to apprehend the perpetrators of the assault at the Christmas parade.

5

officer based on officer's failure to prosecute plaintiff's former attorney for ethics violation).  Count I is, therefore, due to be dismissed for lack of standing.

For a different reason, defendants contend that plaintiffs lack standing to bring some of the claims asserted in Count V.  Specifically, defendants assert that plaintiffs cannot recover for alleged constitutional deprivations suffered by plaintiffs' children, who are not parties to this action.  The power of federal courts can be invoked only to adjudicate actual cases or controversies.  *Allen v. Wright*, 468 U.S. 737, 750-51 (1984).  Consequently, persons invoking a federal court's jurisdiction must have standing to sue, that is, "[a] plaintiff must allege a personal injury fairly traceable to the defendant's alleged conduct and likely to be redressed by the requested relief." *Id.* at 751.  "Standing doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition of a litigants raising another person's legal rights." *Id.*   Accordingly, plaintiffs' claims based on injuries to their children are due to be dismissed.[6]

**Conclusion**

For the reasons set forth above, the motion to dismiss filed by the Loxley defendants is **GRANTED**.  Count I is hereby **DISMISSED** in its entirety.  The claims asserted in paragraphs 2 & 3

---

[6]These claims are asserted in paragraphs 2 and 3 of Count V.

of Count V are also **DISMISSED** without prejudice.[7][8]

**DONE** and **ORDERED** this the 20th day of April, 2005.

s/ CHARLES R. BUTLER, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[7]The dismissal of paragraphs 2 and 3 of Count V is without prejudice to plaintiffs' right to seek leave to amend the complaint to add themselves as plaintiffs in a representative capacity on behalf of their children and to assert claims on behalf of their children arising from the same facts giving rise to plaintiffs' claims. However, any proposed amendment must be specific as to the legal and factual grounds for the claim or claims asserted, the minor children on whose behalf the claims are asserted and the *specific* defendants against whom each claim is asserted. It is not sufficient to assert claims against "defendants" generally.

[8]To clarify a point raised in plaintiffs' response to the motion to dismiss, the claims asserted in Counts II, III, IV & in paragraph 1 of Count V remain pending against these defendants. That defendants did not move for dismissal of these claims does not mean that plaintiffs have prevailed on them or defendants have conceded them.